

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00094-CV

IN RE KEVIN LAWRENCE PAINTER, SR.

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

Relator, Kevin Lawrence Painter, Sr., father to A.G.P.,[1] a minor child, has filed a pro se petition for a writ of mandamus asking this Court to direct the Honorable Gary Young, judge of the 62nd Judicial District Court of Franklin County, Texas, to stay a temporary order to deliver possession of A.G.P. to Mother on or before October 16, 2025. Relator also asks us to direct the trial court to vacate the temporary orders, dismiss the entire suit, rescind all findings that he did not appear, and vacate the portion of the temporary orders directing the seizure and redirection of Social Security benefits. Because we conclude that the petition is not properly certified and the attached documents are not properly certified or sworn as required by the Texas Rules of Appellate Procedure, we deny the requested relief.

Rule 52.3(j) of the Texas Rules of Appellate Procedure, "*Certification*," provides, "The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Here, Relator's petition contains no such certification. Thus, Relator has failed to meet the requirement of Rule 52.3(j) to certify that he has reviewed the petition and "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j); *see In re Tidwell*, No. 06-21-00079-CV, 2021 WL 5113493, at *1 (Tex. App.—Texarkana Nov. 4, 2021, orig. proceeding) (mem. op.).

---

[1]We use the minor child's initials and a pseudonym for Mother to protect the child's identity. *See* TEX. FAM. CODE ANN. § 109.002(d) (Supp.).

Rule 52.7 of the Texas Rules of Appellate Procedure, titled "Record," provides that a party petitioning for a writ of mandamus must file "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2). Relator failed to comply with this rule. The trial court held an evidentiary hearing on October 2, 2025, and the October 8, 2025, order states that the rulings of which Relator now complains were made "after examining the record, and hearing the evidence." Parties seeking mandamus have "the burden of providing this Court with a sufficient record to establish their right to mandamus relief." *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "If the proceeding's nature, the trial court's order, the party's briefs, or other indications show that an evidentiary hearing took place in open court, then a complaining party must present a record of that hearing to establish harmful error." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 783 (Tex. 2005) (citing *Walker*, 827 S.W.2d at 837). Therefore, Relator's non-compliance with Rule 52.7(a)(2) provides an independent basis to deny relief.

Following the submission of the petition, Relator filed on October 17, 2025, a "Notice of Initial Request for Clerk's Record," and on October 20, 2025, an "Emergency Motion for Leave to Supplement [the] Mandamus Record." In those instruments, Relator asserts that he is entitled to a free mandamus record from the district clerk. We need not resolve that question now. Neither of those filings cures Relator's non-compliance with Rules 52.3(j) and 52.7(a)(2).

Accordingly, we deny Relator's petition for a writ of mandamus, and we deny as moot Relator's motion for emergency stay filed in conjunction with the petition.

Jeff Rambin
Justice

Date Submitted:     October 21, 2025
Date Decided:       October 22, 2025